```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

DAVID MALAVOLTA,                            :

                Plaintiff,                  :

        -against-                           :     **REPORT AND RECOMMENDATION**

COMMISSIONER OF SOCIAL                      :     08 Civ. 6528 (LTS)(KNF)
SECURITY,
                                            :
                Defendant.

--------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Plaintiff David Malavolta ("Malavolta") brings this action, pursuant to 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's application for Social Security disability benefits ("disability benefits"). The Commissioner has moved for summary judgment, pursuant to Fed. R. Civ. P. 56(c), alleging the plaintiff failed to initiate this action timely. The plaintiff has failed to file a response to the defendant's motion. The Commissioner's motion is addressed below.

## II. BACKGROUND

According to the complaint, the plaintiff began to experience a "degenerative spinal cord" condition on April 27, 2005, and, thereafter, applied for disability benefits. The Bureau of Disability Insurance, of the Social Security Administration ("SSA"), disallowed the plaintiff's application for benefits, finding that the plaintiff did not establish his eligibility for benefits. At

the plaintiff's request, a hearing was held on February 7, 2008, and an administrative law judge ("ALJ") denied the plaintiff's request for benefits, upon determining the plaintiff was not disabled, within the meaning of the Social Security Act.  The plaintiff requested a review of the ALJ's determination be made by the Appeals Council, and, by a decision dated April 24, 2008, the Appeals Council affirmed the ALJ's denial of benefits.  The plaintiff states, in his complaint, that he did not receive a copy of the Appeals Council's decision until June 25, 2008.  The plaintiff's complaint was stamped "received" by the Pro Se Office, for this judicial district, on July 7, 2008.  The plaintiff asserts, in his complaint, that he resided at: "2412 Lorillard Place, Bronx, NY 10458."

Attached to the plaintiff's complaint is a copy of the Appeals Council's decision, which bears the date April 24, 2008.  The decision states, inter alia, "[y]ou have 60 days to file a civil action (ask for court review)," and that "[t]he 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period."  The decision also notes that, if an individual is unable to file for court review within 60 days, an extension of time may be requested from the Appeals Council.

In support of the summary judgment motion, the Commissioner submitted a declaration by Patrick J. Herbst ("Herbst"), Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, of the SSA.  According to Herbst, he is "responsible for the processing of claims under Titles II and XVI of the Social Security Act," and that Malavolta's "official file maintained by the Office of Disability Adjudication and Review," shows that: (1) on February 7, 2008, an ALJ denied the plaintiff's

claim for benefits under Titles II and XVI; (2) the plaintiff requested a review of this decision; (3) on April 24, 2008, the Appeals Council "sent, by mail addressed to the plaintiff at 2412 Lorillard Place, Bronx, NY 10458, notice of its decision" and notified Malavolta that, if he desired further review, he must "commence a civil action within sixty (60) days from the date of receipt." Herbst asserts that, as of October 8, 2008, the date he signed his declaration, he was "not aware of any request [by Malavolta] for an extension of time to file a civil action as specified in said notice and in . . . 42 U.S.C. 405(g)[] and in section 422.210 of . . .20 CFR 422.210[]."

### III. DISCUSSION

*Standard of Review for Summary Judgment*

Summary judgment may be granted in favor of the moving party "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c); see also D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998), cert. denied, 524 U.S. 911, 118 S. Ct. 2075 (1998). When considering a motion for summary judgment, "[t]he court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." L. B. Foster Co. v. America Piles, Inc., 138 F.3d 81, 87 (2d Cir. 1998) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 [1986]).

The moving party bears the burden of showing that no genuine issue of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law

. . . .'  An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 212 (2d Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 [1986]).

Federal Rule of Civil Procedure 56(e) provides that, if the non-moving party fails to oppose a summary judgment motion, "summary judgment should, if appropriate, be entered against that party."  When the non-moving party does not submit a response to a summary judgment motion, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001).  "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied even if no opposing evidentiary matter is presented.'" Vermont Teddy Bear Co., Inc. v. 1-800 BEARGRAM Co., 373 F.3d 241, 244 (2d Cir. 2004) (quoting Amaker, 274 F.3d at 681) (emphasis omitted).  In determining whether the moving party has demonstrated no genuine issue for trial exists, "the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement," but must "be satisfied that the citation to evidence in the record supports the assertion."  Id. (citing Giannullo v. City of N.Y., 322 F.3d 139, 143 n.5 [2d Cir. 2003]).

The defendant contends summary judgment should be granted because the instant complaint was not filed timely.  The defendant asserts: (1) the Appeals Council's letter was dated April 24, 2008, and, therefore, the period for the plaintiff to commence this action timely expired 65 days later–on June 28, 2008; (2) the plaintiff's complaint was received by the Pro Se Office,


for this judicial district, on July 7, 2008; and (3) the Commissioner's files contain nothing indicating the plaintiff made a request for an extension of the time allotted him for commencing an action in a federal district court.

Pursuant to 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  "[T]he date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

The plaintiff's Appeals Council's decision is dated April 24, 2008.  Therefore, the plaintiff is presumed to have received this decision on April 29, 2008, five days from the date of the decision.  The plaintiff had 60 days from this date, or until June 28, 2008, to file his complaint.  However, because June 28, 2008, was a Saturday, the plaintiff had until Monday, June 30, 2008, to file his complaint. See Fed. R. Civ. P. 6(a)(3) ([t]he following rules apply in computing any time period specified . . . in any . . . statute: . . . [i]nclude the last day of the period unless it is a Saturday, Sunday, [or] legal holiday . . . .  When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, [or] legal holiday. . . ."). Since the plaintiff's complaint was not received by the Pro Se Office, for this judicial district, until July 7, 2008, it was not filed timely, within the 65-day period, as required under 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c).

The plaintiff states, in his complaint, that he did not receive the Appeals Council's decision, until June 25, 2008. The presumption, that the plaintiff received the Appeals Council's decision within five days of the date on the decision, can be rebutted if a "reasonable showing" of the late receipt is made. 20 C.F.R. § 422.210(c). It has been found previously, that a plaintiff's "bare assertion that the notice arrived over two months late . . . falls well short of the type of showing" necessary to rebut this presumption. Guinyard v. Apfel, No. 99 Civ. 4242, 2000 WL 297165, at *4, 2000 U.S. Dist. LEXIS 3543, at *10 (S.D.N.Y. Mar. 22, 2000). "[A] plaintiff must do more than merely assert that he did not receive the notice within five days. . . . Rather, a plaintiff must present some affirmative evidence indicating that the actual receipt occurred more than five days after issuance." Id. at *3, 2000 U.S. Dist. LEXIS 3543, at *8 (quoting Marte v. Apfel, No. 96 Civ. 9024, 1998 WL 292358, at *2, 1998 U.S. Dist. LEXIS 8078, at *6 [S.D.N.Y. June 3, 1998]) (internal quotations omitted). The presumption has been rebutted by evidence that the Appeals Council's notice "was not even mailed" until more than five days after the date appearing on the decision had elapsed. See Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984). Similarly, the presumption has been rebutted by evidence–in the form of a notation, on the notice of the Appeals Council's decision, by a "railroad clerk," of the date he received the notice for delivery, and an affidavit, by the railroad clerk, affirming the date of receipt and delivery of the notice–that the Appeals Council's decision was not sent to the plaintiff's most recent address, and 16 days elapsed from the date of the decision to the time the decision was forwarded to the plaintiff's new address. See Chiappa v. Califano, 480 F. Supp. 856, 857 (S.D.N.Y. 1979).

In the case at bar, the plaintiff proffers only a "bare assertion" that he did not receive the Appeals Council's decision, until two months after the date of the decision. This is insufficient to rebut the presumption that he received a copy of the decision within five days of the date of the decision. See Guinyard, 2000 WL 297165, at *3-4, 2000 U.S. Dist. LEXIS 3543, at *8, *10. While the plaintiff attached a copy of the Appeals Council's decision to his complaint, he did not provide a photocopy of the envelope in which it was mailed, or any other "affirmative evidence" showing the Appeals Council's decision was not mailed timely to him. Therefore, since this court did not receive the plaintiff's complaint, until July 7, 2008, and the latest date on which the plaintiff could file his complaint timely was June 30, 2008, dismissing the complaint, as time-barred, is reasonable and appropriate.[1]

## IV. RECOMMENDATION

For the reasons set forth above, I recommend that the defendant's motion for summary judgment, Docket Entry No. 7, be granted.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Laura T. Swain, 500

---

[1] The doctrine of equitable tolling applies to the 60-day limitations period of 42 U.S.C. § 405(g), upon a showing "that exceptional circumstances existed and [the plaintiff] acted with reasonable diligence." Langella v. Bush, 306 F. Supp. 2d 459, 467 (S.D.N.Y. 2004) (quotation marks and citations omitted). The plaintiff has not provided any details related to the timing of the filing of his complaint, has not shown "exceptional circumstances" or that he has acted with "reasonable diligence." Id. Therefore, no basis exists upon which to toll equitably the 60-day limitations period.

Pearl Street, Room 755, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Swain. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
      April 23, 2009

Respectfully submitted,

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

David Malavolta
Susan Colleen Branagan, Esq.